UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BONNIE COLEMAN-POLK                     CIVIL ACTION

VERSUS                                  NO. 04-3434

NEW ORLEANS TANK CAR FIRE               SECTION: "R" (1)
LITIGATION (NOTX)

<u>**ORDER AND REASONS**</u>

Plaintiff Bonnie Coleman-Polk moves for a default judgment against defendant New Orleans Tank Car Fire Litigation under Federal Rule of Civil Procedure 55. Plaintiff alleges that despite service on defendant, defendant has failed to file an answer to her complaint or otherwise respond to the allegations her complaint contains. For the following reasons, the Court DENIES plaintiff's motion.

## I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Bonnie Coleman-Polk was a member of a state court class action suit entitled the New Orleans Tank Car Fire Litigation when she filed for bankruptcy relief in the United States Bankruptcy Court for this district. In the bankruptcy

proceeding, plaintiff agreed that she would receive 30 percent of the proceeds of the litigation, and the trustee would prosecute the claim, receive the other 70 percent of the award, and close the bankruptcy estate.  The special master of the tank car litigation awarded $20,000 to plaintiff for her claim in 2002. Without the trustee's knowledge, plaintiff appealed the special master's award to the Civil District Court for the Parish of Orleans, which dismissed her appeal.  Plaintiff then appealed to the Louisiana Fourth Circuit Court of Appeal.

On December 23, 2003, while plaintiff's appeal was pending, the trustee of plaintiff's estate asked the bankruptcy court to direct that plaintiff dismiss the appeal and to direct the disbursing agent for the tank car litigation to disburse the award in accordance with the agreement between the trustee and plaintiff.  Plaintiff filed a motion to continue the hearing on the trustee's request so that she could obtain counsel.  The bankruptcy court denied plaintiff's motion and entered a final order approving the compromise and directing the disbursing agent to make the payment.  The Louisiana Fourth Circuit Court of Appeal apparently rejected plaintiff's appeal of the special master's award and, on September 24, 2004, the Louisiana Supreme Court denied plaintiff's writ application.

On December 29, 2004, plaintiff filed a complaint in this

Court alleging that the bankruptcy court's denial of her request for a continuance to permit her to obtain legal representation was a violation of her Fifth Amendment right to due process of law.  Patrick Juneau, special master for the New Orleans Tank Car Fire Litigation, was served with plaintiff's complaint on February 28, 2005.  On April 15, 2005, plaintiff moved for default judgment because defendant failed to answer.  The Court denied plaintiff's request because the clerk of court had not yet entered defendant's default under Federal Rule of Civil Procedure 55(a).  On June 2, 2005, the clerk of court entered such a default, and plaintiff asked the Court to reconsider her motion for a default judgment.  Although not requested in her complaint, plaintiff seeks a default judgment that increases the allocation offer by NOTX, reconsiders the Fourth Circuit Court of Appeals decision, provides "restitution for denial of right to proper counsel which prevented any further consideration of an increase of the allocation offer," or waives the "time limits, which prevented any further action on the request for increase of the allocation by NOTX."

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party when it fails to plead or

otherwise respond to a complaint within the required time period.
FED. R. CIV. P. 55(b). The Fifth Circuit has held, however, that
a "party is not entitled to a default judgment as a matter of
right, even where the defendant is technically in default."
*Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). "In fact,
default judgments are a drastic remedy, not favored by the
Federal Rules and resorted to by courts only in extreme
situations." *Id.* (citation omitted); *Lindsey v. Prive Corp.*, 161
F.3d 886, 893 (5th Cir. 1998). If a plaintiff's factual
allegations, accepted as true, cannot establish liability against
the defendant, a court does not abuse its discretion by refusing
to enter a default judgment. *Lewis*, 236 F.3d at 767.

**B.   Analysis**

The gravamen of plaintiff's complaint is that the bankruptcy
judge denied her due process when he denied her motion for a
continuance to obtain legal representation. Defendant had no
role in the bankruptcy proceeding and cannot have been
responsible for the alleged due process violation. Accordingly,
even taking plaintiff's allegations as true, there is no basis
for entering a default judgment against defendant. *See Indian
Policitcal Action Comm. v. Tribal Executive Comm. of the
Minnesota Chippewa Tribe*, 416 F. Supp. 655, 658 (D. Minn. 1976)
(refusing to enter default judgment against defendants who were

4

not responsible for the conduct plaintiff asserted was illegal). Because defendant was not responsible for the alleged violation of plaintiff's due process rights, the Court denies plaintiff's motion for a default judgment.

**III. CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion for default judgment and dismisses plaintiff's complaint.

New Orleans, Louisiana, this  __25th__  day of July, 2005.

_Sarah Vance_
_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE