UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BONNIE COLEMAN-POLK                            CIVIL ACTION

VERSUS                                         NO. 04-3434

NEW ORLEANS TANK CAR FIRE                      SECTION: "R" (1)
LITIGATION (NOTX)

## ORDER AND REASONS

Plaintiff Bonnie Coleman-Polk moves for reconsideration of the Court's July 27, 2005 order denying her motion for a default judgment against defendant New Orleans Tank Car Fire Litigation. For the following reasons, the Court DENIES plaintiff's motion.

Plaintiff's complaint in this matter alleges that the bankruptcy judge denied her due process when he denied her motion for a continuance to obtain legal representation. Because defendant had no role in the bankruptcy proceeding and cannot have been responsible for the alleged due process violation, the Court found no basis for entering a default judgment against defendant, denied plaintiff's motion for a default judgment, and dismissed plaintiff's complaint. Plaintiff now moves for

reconsideration of the Court's order.

A district court has considerable discretion to grant or to deny a motion to alter or amend the judgment under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, 1998 WL 43217, *2 (E.D. La. Mar. 19, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, 1995 WL 517120, *1 (E.D. La. Aug. 30, 1995). The Court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. A moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law. *See Fidelity & Deposit Co. of Md. v. Omni Bank*, 1999 WL 970526, *3 (E.D. La. Oct. 21, 1999); *Burma Navigation Corp. v. M/V Reliant Seashore*, 1998 WL 781587, at *1 (E.D. La. Aug. 14, 1998); *Fields*, 1998 WL 43217 at *2.

Plaintiff fails to offer any evidence or arguments that

merit reconsideration.  Plaintiff states that she notified the bankruptcy trustee about her objection to the allocation she received in the NOTX tank car fire litigation and that she did not agree with the bankruptcy trustee to forgo negotiating a settlement in that litigation.  Nothing in plaintiff's motion for reconsideration demonstrates that the motion is necessary to correct a manifest error of fact or law, that plaintiff presents newly discovered or previously unavailable evidence, that the motion is necessary in order to prevent manifest injustice, or that the motion is justified by an intervening change in the controlling law.  *See Fidelity & Deposit Co.*, 1999 WL 950526, at *3.  Therefore, the Court denies plaintiff's motion to reconsider its July 27, 2005 order.

New Orleans, Louisiana, this  16th  day of August, 2005.

[signature: Sarah Vance]

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE